[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following facts and procedural history are relevant to this appeal. In arriving at its decision concerning this appeal, the court has carefully considered the court's (Shortall, J.) decision in the matter of Lombardi Enterprises, Inc. v. City of Waterbury, Docket No. CV-95-0126033S (herein referred to as the "First Appeal") decided August 28, 1997, oral argument of counsel, the stipulation of facts, exhibits and the briefs and memoranda. This appeal shall hereinafter be referred to as "this appeal" or the "second appeal".
The subject matter of the first appeal involved the imposition by the Tax Collector of the City of Waterbury of personal property taxes, penalties and interest concerning 63 motor vehicles registered in various states other than Connecticut and claimed to be owned by Lombardi Enterprises, Inc. although registered to Fox Rental Systems, Inc. The assessments were for October 1 in the years 1992 through 1996. The court concluded that Lombardi Enterprises, Inc. was the actual owner of CT Page 12772 the vehicles for the years in question.
This appeal concerns the assessment of a BMW VIN #WBABJ6325RJD32397 on the City of Waterbury's list of October 1, 1995. The registered owner at the time of the assessment was Fox Rental Systems, Inc., Further, the vehicle was registered in the town of Watertown.
Two questions are presented by this appeal:
1. On the assessment date in question should the motor vehicle have been registered in the Town of Watertown or, as the defendant claims, the City of Waterbury?
2. On the assessment date in question did Lombardi Enterprises, Inc. have an ownership interest in the vehicle in question?
For the reasons hereinafter set forth, the court finds that the vehicle in question should have a tax situs in the City of Waterbury on October 1, 1995 and thereafter and, further, Lombardi Enterprises, Inc. has an ownership interest in said vehicle.
The facts are not in dispute. Attached as Exhibit A to this decision is the Stipulation of Facts dated May 6, 1999. All references to the "first vehicle" should be ignored. It should be noted that item p makes reference to Marguerite Lombardi's place of employment as being located at 2100 South Main Street, Waterbury, Connecticut, which is the location of the plaintiff's principal place of business.
In the first appeal, the court conducted an evidentiary hearing and found that "the assessments for October 1, 1992 and October 1, 1993 are valid and properly imposed upon Lombardi by Waterbury. Since the court has concluded that Lombardi was the actual owner, through its connection with Fox (Fox Rental Systems, Inc.), of the vehicles on October 1, 1992 and all assessment dates thereafter October 1, 1996 . . ."
The facts of this appeal place before the court whether §§12-59 and 12-71(b)(g) are in conflict. The relevant portions of each statute are as follows:
 "Sec. 12-59. Listing of corporations property.CT Page 12773 Stockholders exempt. The whole property in this state of each corporation organized under the law of this state . . . shall be set in its list and liable to taxation in the same manner as the property of individuals . . . All of the personal estate of such corporation which is permanently located on the assessment day in any town shall be set in the town in which such property is located, and all other personal property of such corporation shall be set in the list of the town in which corporation has its principal place of business or exercises its corporate powers . . . The words "permanently located" as used herein, mean located for any three or more of the twelve months preceding the assessment day . . .
 "Sec. 12-71b. Taxation of motor vehicles not registered on the assessment date. Assessment procedure. Tax date due. (g) . . . Such motor vehicle shall be subject to such property tax in the town within which such motor vehicle in the normal course of operation most frequently leaves from and returns to or remains, provided when the owner of such vehicle is a resident in any town in the state, it shall be presumed that such motor vehicle most frequently leaves from and returns to or remains in such town unless evidence, satisfactory to the assessor in such town, is submitted to the contrary."
The court finds that the vehicle in question was owned by the plaintiff, Lombardi Enterprises, Inc. which had its principal place of business in Waterbury. For purposes of § 12-71b(g) the plaintiff is a "resident" of Waterbury. The vehicle was a "company car" and was "garaged" in Watertown for the convenience of Marguerite Lombardi, a de facto employee of the plaintiff. Since Ms. Lombardi came to Waterbury each workday, used the vehicle during the workday in her employment and left Waterbury at the end of the workday, the court concludes that the tax situs of the vehicle was Waterbury. Under the facts of this case, the vehicle in question was not "permanently located" in Watertown notwithstanding Ms. Lombardi registered the vehicle there as an agent of Fox and paid taxes to Watertown.
Since Judge Shortall in the first appeal "pierced" the corporate veil of Fox to find the plaintiff the actual owner of the 63 vehicles, the court's only further observation is that the CT Page 12774 vehicle here involved the same assessment lists as those vehicles in the first appeal.
In summary, a motor vehicle which is owned by a "resident" located in one town and operated from said resident's town for the benefit of the owner, has a tax situs in such town.
In accordance with Judge Shortall's decision, the assessment and resulting tax should be recalculated to reflect actual value and the taxes paid to Watertown should be refunded in accordance with Connecticut General Statutes § 12-126.
JOHN R. CARUSO, J.